BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
**MICHAEL W. MITCHELL, TEXAS STATE BAR NO. 24037126**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375
Email: Mike.Mitchell@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA SWAN, an individual, as surviving natural mother and heir of Mackenzie Wilson,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:25-CV-00570-AKB<br><br>**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY THESE PROCEEDINGS** |

Defendant, United States of America, moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to stay this matter pending a decision from the United States Department of Labor (DOL) regarding Mackenzie Wilson's eligibility for compensation under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq*.  Because Plaintiff has a colorable claim for FECA eligibility, the Court lacks subject matter jurisdiction, and the Complaint should be dismissed.

## BACKGROUND

On June 24, 2022, Mackenzie Wilson was a 19-year-old AS100 cadet in the Air Force Reserve Officer Training Corps (AFROTC) at Oregon State University. (Compl. at 2.) At the time of the incident, she was participating in "Operation Air Force," a one-week professional development training program at Mountain Home Air Force Base in Idaho. (Compl. at 3.) She was traveling on official Air Force travel orders, with the Air Force funding her transportation, lodging, and meals. (*See e.g.* Compl. Ex. 1 at G-14 (pages 90-91).) While participating in this Air Force sponsored training event, she was a passenger in a High Mobility Multipurpose Wheeled Vehicle that rolled over, resulting in her death. (Compl. at 7-8.) As an AFROTC member, participating in an Air Force sponsored military training event that was authorized and paid for by the U.S. military, she is considered to have been in the "line of duty" and likely eligible for benefits under FECA pursuant to 5 U.S.C. § 8140. (*See* Compl. Ex. 2 at 1.)

Following the incident, the Air Force Claims and Tort Litigation Division denied Plaintiff's administrative claim, explicitly stating that under 5 U.S.C. § 8140(a)(2) and (b), AFROTC members are eligible for benefits under FECA when their death occurs while in the line of duty, which includes authorized travel for training. (Compl. Ex. 2.) The Air Force concluded that because her death occurred during professional development training, she is "likely eligible to receive FECA benefits." (*Id.*)

## ARGUMENT

**I.  FECA is the exclusive remedy for injuries sustained in the performance of duty.**

FECA establishes a comprehensive workers' compensation system for federal employees through which the United States pays compensation for death or disability resulting from personal injury sustained while in the performance of duty. *See Moe v. United States*, 326 F.3d

**MOTION TO DISMISS OR STAY PROCEEDINGS** – 2

1065, 1068 (9th Cir. 2003).  FECA incorporates the compromise that is typical of workers' compensation statutes:  covered individuals "are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."  *Lockheed Aircraft Corp. v. United* States, 460 U.S. 190, 194 (1983).  Under 5 U.S.C. § 8116(c), the liability of the United States under FECA is "exclusive and instead of all other liability" to the "employee, [their] legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States."  *See Moe*, 326 F.3d at 1068; *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993).

## II.     The Secretary of Labor has exclusive authority to determine coverage.

The Secretary of Labor has the exclusive authority to administer FECA and decide all questions arising under the Act.  *See Figueroa*, 7 F.3d at 1407; 5 U.S.C. § 8145.  The U.S. Supreme Court has held that federal courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies.  *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991).  In the Ninth Circuit, if a claim "arguably falls under FECA," the question of coverage must be resolved by the Secretary of Labor, not the court.  *Figueroa*, 7 F.3d at 1408; *Moe*, 326 F.3d at 1068.

## III.    AFROTC cadets injured or killed in the line of duty are entitled to FECA benefits.

Under 5 U.S.C. § 8101(1)(B), any individual – even a volunteer – is deemed an "employee" of the United States, if they "rend[er] personal service to the United States similar to the service of a civil officer or employee of the United States" and where a "statute authorizes the acceptance or use of the service, or authorizes payment of travel or other expenses of the individual."  "Members of the Reserve Officers' Training Corps" (ROTC) who suffer an "injury,

**MOTION TO DISMISS OR STAY PROCEEDINGS**                                                                                – 3

disability, or death [ ], or an illness," during "practical military training," are eligible for FECA benefits.  5 U.S.C. § 8140(a)(2) and (b); 10 U.S.C. § 2109.

### IV.     A substantial question of coverage deprives the Court of subject matter jurisdiction.

Any "person otherwise entitled to recover [FECA] damages from the United States," may not bring an action under the FTCA when there is a "substantial question" as to whether the injury occurred in the performance of duty, bringing it within FECA coverage.  *Moe*, 326 F.3d at 1068-69 ("If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction.") (citing *Figueroa*, 7 F.3d at 1408).  A substantial question exists unless the court determines as a matter of law that the Secretary of Labor could not find FECA coverage.  *Figueroa*, 7 F.3d at 1408 (holding, as a "general rule," that "when a claim arguably falls under FECA, the question of coverage should be resolved by the Secretary") (citing *Reep v. United States,* 557 F.2d 204, 207-208 (9th Cir. 1977); *Moe*, 326 F.3d at 1068.  In such instances, the Court should dismiss the case for lack of subject matter jurisdiction.  *Moe*, 326 F.3d at 1068-69.[1]

---

[1]     In the alternative, some district courts have stayed an action where there is a question of FECA eligibility, while the plaintiff seeks an eligibility determination from the Secretary of Labor.  *See Reep*, 557 F.2d at 208 ("If there is a substantial question as to FECA coverage, the district court will generally stay the FTCA action pending a determination by the Secretary of Labor.") (internal citations omitted); *Gwin v. United States*, 2010 WL 11596674, at *1 (C.D. Cal. Mar. 25, 2010) (granting Defendant's motion to stay pending a decision by the Secretary of Labor).  The United States, however, may not seek a determination from the Secretary of Labor on Plaintiff's behalf; she must do so herself.  *Moe*, 326 F.3d at 1065 ("[t]o qualify [for FECA benefits], the **employee** must apply to the Secretary of Labor") (emphasis added); 20 C.F.R. § 10.100(a) (imposing notice and timing duties on the "employee" to claim benefits under FECA).

**MOTION TO DISMISS OR STAY PROCEEDINGS**                                                                             **– 4**

## V. A substantial question of coverage exists here.

Before Plaintiff filed her Complaint, the Air Force expressly determined that Mackenzie Wilson's status likely triggers FECA coverage under 5 U.S.C. § 8140 because she was injured in the "line of duty" while participating in Air Force practical military training conducted by, and paid for by, the United States military. (Compl. Ex. 2 at 1; Compl. Ex. 1 at G-14 (pages 90-91).) Accordingly, at the very least, a substantial question of coverage exists, and this Court lacks subject matter jurisdiction.

## CONCLUSION

Given the substantial question of FECA coverage, Defendant respectfully requests that the Court dismiss the action for lack of subject matter jurisdiction, or in the alternative, stay these proceedings pending a decision by the Secretary of Labor. If this Court elects to stay the litigation, the stay may not be lifted unless and until Plaintiff advises the Court (and Defendant) of the Secretary's decision on FECA coverage.

Respectfully submitted this 12th day of January, 2026.

                                      BART M. DAVIS
                                      UNITED STATES ATTORNEY
                                      By:

                                      /s/ Michael W. Mitchell
                                      MICHAEL W. MITCHELL
                                      Assistant United States Attorney