UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JESSICA SWAN, an individual, as surviving natural mother and heir of Mackenzie Wilson,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:25-cv-00570-AKB

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is Defendant United States of America's Motion to Dismiss or, in the Alternative, Stay These Proceedings (Dkt. 8). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants the alternative request to stay and denies without prejudice the request to dismiss.

## INTRODUCTION

This case presents a threshold dispute over the interaction between the Federal Tort Claims Act (FTCA) and the Federal Employees' Compensation Act (FECA). Defendant United States argues FECA may provide the exclusive remedy for the death of Mackenzie Wilson and therefore asks the Court to dismiss this action or stay it pending a coverage determination by the Department of Labor. Plaintiff Jessica Swan responds that FECA does not apply because Wilson was a first-year, uncontracted Air Force cadet and the professional development training she

attended was not the type of qualifying military training covered by FECA. Alternatively, Plaintiff agrees that, if FECA coverage cannot be resolved as a matter of law, the appropriate course is to stay this action while the Department of Labor determines whether FECA applies.

## ANALYSIS

FECA provides the exclusive remedy for covered injuries. 5 U.S.C. § 8116(c); *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003). FECA coverage presents two questions: whether the type of injury alleged falls within FECA's scope and whether the claimant is entitled to compensation under the facts of the particular case. *Figueroa v. United States*, 7 F.3d 1405, 1407–08 (9th Cir. 1993). The former is a question for the Court; the latter is for the Secretary of Labor. *Id.* When a claim "arguably falls under FECA," the general rule is that the Secretary should resolve the coverage question. *Id.* at 1408. If there is a substantial question of coverage, the district court will generally stay the FTCA action pending that determination. *Reep v. United States*, 557 F.2d 204, 208 (9th Cir. 1977).

There is a substantial question of coverage here. Section 8140 applies to members of, and applicants for membership in, ROTC who suffer injury or death in the line of duty during specified training under Chapter 103 of Title 10. 5 U.S.C. § 8140(a), (g). The parties agree Wilson was an AFROTC cadet attending Operation Air Force, a professional development training program, but dispute whether that program constituted practical military training under 10 U.S.C. § 2109. Plaintiff relies in part on Wilson's status as a first-year, uncontracted cadet and argues professional development training is distinct from practical military training (Dkt. 13 at 8–14). The Government, however, quotes AFROTC Instruction 36-2011 as providing that practical military training includes professional development training (Dkt. 16 at 6 n.2). Further, when denying Plaintiff's administrative tort claim, the Air Force concluded Wilson was "likely

eligible to receive FECA benefits" because her professional development training fell within practical military training under Chapter 103 (Dkt. 1-2 at 2). Section 8140 also provides that the Secretary of the relevant military department determines whether an injury or death was incurred in line of duty, subject to review by the Secretary of Labor. 5 U.S.C. § 8140(b).

On this record, Plaintiff's claim is not clearly outside FECA's coverage. The Court therefore need not resolve the parties' competing interpretations of the AFROTC program or determine whether FECA ultimately applies. Those questions should first proceed through the administrative process. *See Figueroa*, 7 F.3d at 1408; *Reep*, 557 F.2d at 208. Because both parties agree a stay is appropriate if an administrative determination is required, the Court will stay rather than dismiss this action.

**ORDER**

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss or, in the Alternative, Stay These Proceedings (Dkt. 8) is **GRANTED IN PART** and **DENIED IN PART**.

2. This action is **STAYED** pending a determination by the Department of Labor regarding FECA coverage.

3. The parties shall file a joint status report every **ninety (90) days**, beginning **ninety (90) days** after entry of this Order, addressing the status of the FECA determination. The parties shall notify the Court within **seven (7) days** after the Department of Labor issues its determination and, if appropriate, move to lift the stay.

DATED: September 16, 2026

Amanda K. Brailsford
U.S. District Court Judge